# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60518

United States Court of Appeals
Fifth Circuit

**FILED**

September 16, 2015

Lyle W. Cayce
Clerk

FRONTIER CUSTOM BUILDERS, INCORPORATED,

Petitioner – Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent – Appellee.

Appeal from a Decision of the
United States Tax Court
Docket No. 2678-10

Before CLEMENT, PRADO, and ELROD, Circuit Judges.

PER CURIAM:*

This case arises from a tax dispute between Frontier Custom Builders, Inc. (Frontier) and the Commissioner of Internal Revenue over certain deductions that Frontier claimed for the 2005 tax year. The deductions were mostly comprised of employee salaries and year-end bonuses, including $1,318,000 in total compensation paid to the company's founder, President, and CEO, Wayne Bopp. The Commissioner audited Frontier and determined

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

that most of the salaries at issue should have been capitalized, instead of deducted, under the applicable tax rules, codified at 26 U.S.C. § 263A and Treasury Regulation § 1.263A.

Under these rules, producers of real property must capitalize, rather than deduct, all of their production costs.[1] Because Frontier designs, builds (through contractors), and sells custom homes and improvements on real property, it is subject to these rules. According to the rules, capitalizable production costs include both "direct costs" of production and "indirect costs" of production. The term "indirect costs" includes "service costs," only some of which must be capitalized. Service costs are costs identified with a particular service department or function within a business and are broken down into three subcategories: (1) capitalizable service costs; (2) deductible service costs; and (3) mixed service costs. Treas. Reg. § 1.263A-1(e)(4). Capitalizable service costs are those service costs that "directly benefit or are incurred by reason of the performance of the [taxpayer's] production . . . activities." *Id.* § 1.263A-1(e)(4)(ii)(A). Mixed service costs are only partially allocable to production and, to properly account for the proportion benefitting production

---

[1] Under section 263A of the Internal Revenue Code, taxpayers who "produce" real or tangible property must capitalize all costs that are allocable to property production activities ("production costs"). Capitalizable production costs may not be deducted from taxable income. Production costs generally include both direct costs and "those indirect costs . . . part or all of which are allocable to" property production. 26 U.S.C. § 263A(a)(2). The Secretary of the Treasury has promulgated Uniform Capitalization Rules, pursuant to 26 U.S.C. § 263A(i), that further define direct and indirect costs, list several examples of each, and provide a method for calculating the total amount of production costs (those direct and indirect costs allocable to production). *See* Treas. Reg. § 1.263A-1.

To "produce" means to "construct, build, install, manufacture, develop, or improve." 26 U.S.C. § 263A(g)(1). Moreover, "real property includes land, unsevered natural products of land, buildings, inherently permanent structures, and improvements, as well as walls, partitions, doors, wiring, plumbing, central air-conditioning and heating systems, pipes and ducts, elevators and escalators, and other similar property." Real Estate Professional's Tax Guide § 6:32.

activities, must be capitalized pursuant to a "reasonable allocation method." *Id.* § 1.263A-1(g)(4) (providing the "direct reallocation method" and the "step-allocation method" as two example methods); § 1.263A-1(h) (providing a "simplified service cost method").

Applying these tax rules, the Commissioner determined that most of Frontier's deducted amounts in 2005, and in particular, Bopp's compensation, were capitalizable service costs. The Commissioner sent a notice of deficiency to Frontier in the amount of $653,272. Frontier filed a petition with the Tax Court seeking redetermination of the alleged deficiency.

The Tax Court denied Frontier's request for relief, noting that it was required to uphold the Commissioner's calculation method unless that method was "clearly unlawful"—a clear abuse of discretion. *Frontier Custom Builders, Inc. v. Comm'r*, 106 T.C.M. (CCH) 393, 2013 WL 5446690, at *6 (2013) (citing *Thor Power Tool Co. v. Comm'r*, 439 U.S. 522 (1979)). The Tax Court determined that "Frontier ha[d] made no showing that respondent abused his discretion in choosing the simplified production and simplified service cost methods of accounting." *Id.* at *7. In the Tax Court's view, Frontier failed to present evidence sufficient to prove that most of Bopp's time was spent on deductible services. Frontier had stipulated before trial that it could not "produce contemporaneous time records to show how many hours [ ]Bopp spent on his various activities." *Id.* at *9. The only evidence Frontier offered was Bopp's testimony, which the Tax Court determined to be "self-serving testimony that is uncorroborated by persuasive evidence." *Id.* (citing *Tokarski v. Comm'r*, 87 T.C. 74, 77 (1986) (holding that a court is not required to accept such testimony)). The Tax Court explained that because Frontier failed to show "that no substantial portion of [Bopp's] time was spent on production-

No. 14-60518

related activities," it would defer to the Commissioner's calculation method,[2] which included all of Bopp's compensation as a mixed service cost.[3] *Id.* The Tax Court adopted and entered a final deficiency calculation of $365,899. Frontier appealed to the Fifth Circuit.

In challenging the deficiency, Frontier argues that it is exempt from the requirements in § 263A because its primary business during 2005 was sales and marketing, not production-related services. Relatedly, Frontier argues that any production-related costs incurred by its subcontractors are not

---

[2] Frontier argued before the Tax Court and on appeal that the Commissioner changed his calculation method after trial, having submitted his original calculation in a stipulated exhibit used at trial and a new calculation in his post-trial brief. Frontier asserted that doing so introduced a "new matter" that required transferring the burden of proof to the Commissioner. However, the Tax Court noted that the change in method had no prejudicial effect on Frontier, and while "akin to a new matter," did not actually introduce a new matter. *Frontier Custom Builders, Inc. v. Comm'r*, 106 T.C.M. (CCH) 393, 2013 WL 5446690, at *7 (2013). Both the pre- and post-trial calculation methods presumed that Bopp's compensation was capitalizable and relied on the same underlying financial data, but differed in determining the exact proportion that should be capitalized instead of deducted. The Tax Court determined that the post-trial calculation "[did] not alter the original deficiency or require the presentation of different evidence," and, because Frontier relied entirely on its broad argument that *none* of Bopp's compensation was capitalizable, the change did not prejudice "Frontier's case-in-chief because Frontier made no idiosyncratic argument based on respondent's stipulated, pretrial calculation." *Id.* (citing *Shea v. Comm'r*, 112 T.C. 183, 191 (1999) (holding that new theories that merely clarify or develop an original calculation are not new matters)). When pressed at oral argument, Frontier could not articulate to us how the change in calculation had any prejudicial effect on the trial. Thus, we find no error in the Tax Court's analysis.

[3] The Tax Court also rejected Frontier's argument that Bopp's testimony was sufficient to support the inference that he spent only 10% or less of his time on production-related activities, triggering the right to a 100% deduction under the *de minimis* rule. *See* Treas. Reg. § 1.263A-1(g)(4)(ii) ("[I]f 90 percent or more of a mixed service department's costs are deductible service costs, a taxpayer" need not allocate any of those costs to production or capitalize those costs.). Because Bopp could not "substantiate the time he spent on each of his other activities," the Tax Court declined to apply the *de minimis* exception. *Frontier*, 2013 WL 5446690, at *9.

4

attributable to Frontier for purposes of § 263A.[4]  In addition, Frontier contends that even if it is subject to § 263A, Bopp's compensation should not be capitalized because his work "relat[ed] to overall management, overall company policy, general financial accounting, strategic business planning, and marketing, selling, or advertising."

Like the Tax Court, we review the Commissioner's determination of taxable income for abuse of discretion.  *See St. James Sugar Coop., Inc. v. United States*, 643 F.2d 1219, 1222–23 (5th Cir. Unit A May 1981) ("[N]o method of accounting may be used that in the opinion of the Commissioner of Internal Revenue does not clearly reflect income.  The Commissioner has been given broad discretion in determining what methods satisfy this standard.") (footnote omitted) (citing *Thor Power Tool*, 439 U.S. at 532; *Comm'r v. Hansen*, 360 U.S. 446, 467 (1959); *Lucas v. Am. Code Co.*, 280 U.S. 445, 449 (1930)).  Determinations in a notice of deficiency are presumptively correct.  *United States v. Janis*, 428 U.S. 433, 440–41 (1976).  "The taxpayer bears 'a heavy burden of proof' to show that the Commissioner abused his discretion, and the Commissioner's determination 'is not to be set aside unless shown to be plainly arbitrary.'"  *Capitol Fed. Sav. & Loan Ass'n & Subsidiary v. Comm'r*, 96 T.C. 204, 210 (1991) (quoting *Thor Power Tool*, 439 U.S. at 532–33).  Any findings of fact are reviewed for clear error.  *BMC Software, Inc. v. Comm'r*, 780 F.3d 669, 674 (5th Cir. 2015).

Having reviewed the briefs and record in this case, as well as the Tax Court's thorough opinion, we determine that the findings of fact are not clearly erroneous and that the Commissioner's calculation method does not represent

---

[4] This argument fails.  "The taxpayer shall be treated as producing any property produced for the taxpayer *under a contract* with the taxpayer . . . ."  26 U.S.C. § 263A(g)(2) (emphasis added) (counting only costs actually incurred by the taxpayer under such contract).

No. 14-60518

an abuse of discretion.[5]  Although many of Bopp's hours were spent managing the company, the record reflects that a substantial portion of Bopp's activities directly benefitted, or were incurred by reason of, production.  Some of his activities included: designing homes that were later produced; creating the processes and procedures for building homes; selecting developers and reviewing subcontractors; resolving issues that arose at worksites during production; selecting and installing the home design software; meeting weekly with project managers to stay apprised of production timelines; and evaluating project managers' productivity reports.  These activities are sufficient to support the Commissioner's capitalization of Bopp's compensation.

We AFFIRM.

---

[5] The Tax Court also did not err in determining that Frontier's mitigation claim was premature.  To qualify for mitigation, a taxpayer must prove that certain statutory requirements have been satisfied, including that there has been a final "determination."  26 U.S.C. § 1313(a); *Cocchiara v. United States*, 779 F.2d 1108, 1112 (5th Cir. 1986) (holding that the taxpayer has the burden of proof); *United States v. Rachal*, 312 F.2d 376, 383 (5th Cir. 1962) (holding that the facts of each case must fit "into the concrete, detailed requirements set out in the statute").  Frontier failed to show that the "determination" has become "final" within the meaning of 26 U.S.C. §§ 1313(a)(1) and 7481—at the time Frontier appealed, the time in which to file a notice of appeal had not expired, and the Tax Court's decision was not yet affirmed, reversed, or modified by a court of appeals.